# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA PIERSON and BRANDON BOLIC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>JANICE E. MARTINELLI and JANICE MARTINELLI AS TRUSTEE OF THE JANICE MARTINELLI TRUST DATED JUNE 27, 2005,<br><br>　　　　　　Defendants. | Case No. 19-cv-1755-BAS-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>**[ECF No. 11]** |

　　　　Defendants Janice E. Martinelli and Janice Martinelli as Trustee of the Janice Martinelli Trust Dated June 27, 2005 bring this Motion under Federal Rule of Civil Procedure 12(b)(1), alleging a lack of standing, and under Rule 12(b)(6), alleging insufficient facts to support Plaintiffs' claims of discrimination based on sex or disability. Alternatively, Defendants move for a more definite statement under Rule 12(e). (ECF No. 11.) Plaintiffs filed an Opposition to the Motion (ECF No. 13) and Defendants filed a Reply in support of the Motion (ECF No. 14.) The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and

1    **DENIES IN PART** Defendants' Motion.

2    **I.   FACTUAL ALLEGATIONS**

3         From July 2016 to January 2018, Plaintiff Christina Pierson rented property at 926 A Avenue in National City, California, from Defendant Janice Martinelli and eventually from Janice Martinelli, as trustee of the Janice Martinelli Trust dated June 27, 2005 ("the Trust"). ("Complaint," ECF No. 1, ¶¶ 6, 10.)

        Ms. Pierson suffers from Lupus. (*Id.* ¶ 13.) When she informed Ms. Martinelli that she has Lupus, to explain why she could not donate time to an organization Ms. Martinelli was recruiting workers for, Ms. Martinelli said, "You're a loser. You should go live in Kimball Towers with the rest of the disabled losers. You're not really sick. You don't look sick. I'm sicker than you are." (*Id.* ¶ 22.) At some point Ms. Martinelli also told Ms. Pierson that she didn't want to rent to a woman with a disabled child. (*Id.* ¶ 17.)

        After meeting Ms. Pierson's boyfriend, Mr. Bolic, Ms. Martinelli informed Ms. Pierson that she didn't want Mr. Bolic to come visit Ms. Pierson at the property and that she didn't "want men at my unit." (*Id.* ¶15). Additionally, Ms. Martinelli informed Ms. Pierson, "I don't like men," "I don't rent to men" and "I don't want men at my property." (*Id.* ¶ 24.) Nonetheless, Ms. Martinelli apparently hired "Mr. Bolic to do odd jobs around the complex," but, after a month, he informed her that he was not going to do any more work. (*Id.* ¶16.)

        Plaintiffs Ms. Pierson and Mr. Bolic believe that Ms. Martinelli began harassing them because of Ms. Pierson's disability and because of "Ms. Martinelli's strong dislike of Mr. Bolic visiting Ms. Pierson at the complex since she did not like men visiting." (*Id.* ¶ 23.) Harassment included Ms. Martinelli cutting off the water to Ms. Pierson's unit for three weeks (*id.* ¶ 25), changing the locks on Ms. Pierson's unit without notice (*id.* ¶ 26), filing a meritless unlawful detainer lawsuit against Ms. Pierson (*id.* ¶ 27), and calling "the police on Mr. Bolic on at least 50 occasions, on each occasion, informing the police that Mr. Bolic was not allowed to visit at Ms.

Pierson's unit, and that he was a trespasser." (*Id.* ¶ 18.) On each of these occasions, the police "repeatedly informed Ms. Martinelli that Mr. Bolic was an invited guest, and that he was allowed to visit." (*Id.*)

Eventually, Ms. Pierson moved out and filed this lawsuit for violating the Fair Housing Act ("FHA"), the California Fair Employment and Housing Act ("FEHA"), the Unruh Civil Rights Act ("Unruh Act") and for negligence—all claiming that Ms. Martinelli and the Trust discriminated against Ms. Pierson and Mr. Bolic on the basis of sex and disability.

## II. ANALYSIS

### A. **Rule 12(b)(1)**

#### 1. **Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id*. "It is to be presumed that a cause lies outside this limited jurisdiction. And the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the jurisdictional issue first, which "does not require" analysis of the merits. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). "This is not to say that Plaintiff may rely on a bare legal conclusion to assert injury-in-fact, or engage in an 'ingenious academic exercise in the conceivable' to explain how Defendants' actions caused his injury." *Id.* (quotation omitted). However, in assessing the motion, all factual allegations must be accepted as true. *Id*.

Standing is an essential element for determining a right to bring a claim in federal court. *City of South Lake Tahoe v. California Tahoe Regional Planning*

*Agency*, 625 F.2d 231, 233 (9th Cir. 1980).  To satisfy the standing requirement, a party generally needs to demonstrate "'a personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional issues."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

For each claim, Plaintiffs must demonstrate that they satisfy the three constitutional requirements of standing: (1) injury in fact; (2) causation; and (3) redressability.  *Bennett v. Spear*, 520 U.S. 154, 167 (1997); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  The injury-in-fact requirement must implicate "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.

### 2. Analysis

Defendants argue that Plaintiffs lack standing because Mr. Bolic was never a renter and because Ms. Pierson is not a male, but she alleges sex discrimination against men.  Notably, Defendants do not attack Ms. Pierson's allegation that she was discriminated against because of her Lupus.

"The Supreme Court has long held that claims brought under the [FHA] are to be judged under a very liberal standing requirement.  Unlike actions brought under other provisions of the civil rights law, the plaintiff need not allege that he or she was a victim of discrimination."  *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 475 (9th Cir. 1998).  An individual who is harmed by the discrimination, "whether or not the target of the discrimination, can sue to recover for his or her own injury."  *Id.*

Nonetheless, in order to allege sufficient facts to establish standing, a plaintiff must allege "a distinct and palpable injury to himself that is likely to be redressed if the requested relief is granted."  *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 375–76 (1982) ("As long as [plaintiffs] have alleged distinct and palpable injuries that are

'fairly traceable' to [defendants'] actions, the Article III requirement of injury in fact is satisfied."). Thus, a plaintiff who alleges he was deterred from visiting a friend's residence because of the landlord's discriminatory actions has alleged sufficient facts to establish standing. *Moua v. City of Chico*, 324 F. Supp. 2d 1132, (E.D. Cal. 2004); *see also Gonzalez v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc.*, No. SA CV 09-718 PA (RVBx), 2010 WL 10105755, at *3 (C.D. Cal. Mar. 29, 2010) ("Although the Court believes that the injuries allegedly suffered by [the] visitors to the complex may very well be at the outer bounds of the types of injuries that can be addressed by the FHA, plaintiffs have provided sufficient evidence of injuries-in-fact related to violations of the FHA to confer them with standing. . . .").

      Defendants incorrectly argue that Mr. Bolic may not bring an FHA claim because he was not a renter. A non-renter may allege sufficient facts to establish standing if he alleges a distinct and palpable injury from the discriminatory conduct. In Plaintiffs' Complaint, however, Mr. Bolic alleges insufficient facts to show any palpable injury. He alleges that Mr. Martinelli "called the police on [him]", but when the police arrived, they told Mr. Martinelli that Mr. Bolic was an invited guest and allowed to visit. (Complaint ¶ 18.) He does not allege that he was deterred from visiting or suffered any injuries—emotional or otherwise—as a result of these incidents. Therefore, because Mr. Bolic fails to allege any palpable or distinct injury, his FHA claim fails for lack of standing. However, because Mr. Bolic may be able to allege additional facts establishing his injury, the Court grants him leave to amend the Complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

      Ms. Pierson, on the other hand, alleges that Ms. Martinelli's discriminatory behavior toward men eventually forced her to move out of her apartment. (Complaint ¶ 28.) The fact that she is not a man is irrelevant. She has alleged a distinct and palpable injury allegedly resulting from Ms. Martinelli's behavior. Therefore, she has alleged sufficient facts to establish standing.

### B. Rule 12(b)(6)

#### 1. Legal Standard

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

#### 2. Analysis

The parties' briefing as to the applicability of Rule 12(b)(6) to this Complaint is stunningly unhelpful. Defendants throw out issues without bothering to cite a single legal authority as to the requirements of the FHA or any authority for their arguments. Plaintiffs choose to completely ignore Defendants' Motion under 12(b)(6), instead addressing only standing and the Motion For a More Definite Statement under Rule 12(e).

Defendants argue that Plaintiffs provide no facts to support the allegation that Mr. Martinelli discriminated against them based on either disability or sex. Since the

1   Court has already ruled that Mr. Bolic lacks standing, the Court will address this
2   argument solely with respect to Ms. Pierson.
3         "The FHA was enacted to 'eradicate discriminatory practices within a division
4   of the United States economy.'" *Williams v. Camden USA, Inc.*, No. 3:19-cv-691-
5   AJB-AHG, 2020 WL 953285, at *4 (S.D. Cal. Feb. 26, 2020) (quoting *Tex. Dep't of
6   Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507, 2511
7   (2015)). Under the FHA, an individual may not discriminate in the rental of property
8   because of sex or because of a handicap.  42 U.S.C. § 3604(f)(1) (handicap), §
9   3604(a) (sex). "The provisions of the FEHA and the Unruh Act . . . 'protect
10  substantially the same rights as the FHA, and are subject to the same analysis.'" *Pac.
11  Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1156 (9th Cir. 2013)
12  (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1131 n.8 (9th Cir. 2011)).
13  Discrimination under the FHA may be established either through a disparate impact
14  or a disparate treatment theory. *Williams*, 2020 WL 953285 at *5 (citing *Budnick v.
15  Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008)).
16        In this case, Ms. Pierson does not allege a disparate impact theory. Instead she
17  alleges that Ms. Martinelli treated her differently because of her Lupus disability and
18  because Ms. Pierson allowed a man to visit the apartment. A "plaintiff who alleges
19  disparate treatment . . . need not demonstrate the existence of a similarly situated
20  entity who or which was treated better than plaintiffs in order to prevail." *Pac.
21  Shores*, 730 F.3d at 1158. "Instead, [a plaintiff] may simply produce direct or
22  circumstantial evidence demonstrating that a discriminatory reason more likely than
23  not motivated the defendant and that the defendant's actions adversely affected the
24  plaintiff in some way." *Id.* (quotations omitted).
25        The Supreme Court articulated a multi-factor inquiry to determine whether a
26  plaintiff has sufficiently shown that a defendant's actions were motivated by
27  discriminatory treatment. *Village of Arlington Heights v. Metro. Hou. Dev. Corp.*,
28  429 U.S. 252, 266 (1977). Among the factors are: (1) a clear pattern of behavior by

1  the defendants, unexplainable on grounds other than discriminatory ones; (2) the
2  specific sequence of events in the case; and (3) defendants' departures from normal
3  procedures. *Pac. Shores*, 730 F.3d at 1159 (citing *Arlington Heights*, 429 U.S. at
4  266–68.). These factors are non-exhaustive. *Id.* (citing *Arlington Heights*, 429 U.S.
5  at 268). Any indication of discriminatory motive may be sufficient. *Id.*

6  In this case, Ms. Pierson alleges that she has the disability of Lupus and that
7  Ms. Martinelli's reaction, when informed of Ms. Pierson's Lupus diagnosis, was
8  extremely negative. (Complaint ¶ 22.) Ms. Pierson also alleges that after this
9  exchange, Ms. Martinelli "began to increase her harassment" of Ms. Pierson,
10 including cutting off her water, changing the locks and eventually filing a meritless
11 unlawful detainer action. (*Id.* ¶¶ 23, 26, 27.) Ms. Pierson alleges that because of
12 this harassment she was forced to move out of the rental. (*Id.* ¶ 28.) Ms. Pierson
13 bolsters her claim by alleging that, before Ms. Martinelli knew about the Lupus
14 diagnosis, Ms. Martinelli informed Ms. Pierson that she "did not want to rent [an
15 apartment] to someone with a disabled child." (*Id.* ¶ 17.) Applying the *Arlington
16 Heights* factors, and assuming these allegations are all true, Ms. Pierson has alleged
17 sufficient facts which could rise to an FHA violation based on disability.

18 However, Ms. Pierson also alleges harassment based on Ms. Martinelli's
19 gender discrimination against men. In support of this claim, Ms. Pierson claims that
20 Ms. Martinelli asked to meet Ms. Pierson's boyfriend, Mr. Bolic. After meeting him,
21 she "informed Ms. Pierson that Ms. Bolic was no good for her, that he was going to
22 take advantage of her, and that all men did the same thing." (*Id.* ¶¶ 14, 15.) She then
23 hired Mr. Bolic "to do odd jobs around the complex. Mr. Bolic did such work for
24 about a month, but decided the job was not for him and informed [Ms. Martinelli]
25 that he was not going to do any more work." (*Id.*) Ms. Pierson claims that, after this,
26 Ms. Martinelli began harassing her and that it was because of Ms. Martinelli's gender
27 discrimination against men.

28 Even assuming everything Ms. Pierson alleges is true, it is insufficient to

1 support any discriminatory motive. In fact, the allegations belie the claim of
2 discrimination. Ms. Martinelli asked to meet Mr. Bolic. She then hired him to do
3 work around the complex. The fact that she may not have liked Mr. Bolic, may not
4 have liked the fact that he stopped doing odd jobs around the complex, and that she
5 couched it in terms of "I don't like men[,]" is insufficient to support the claims that
6 the harassment that occurred was because of Mr. Bolic's gender, as opposed to her
7 dislike of Mr. Bolic. Ms. Pierson fails to allege a pattern of behavior unexplainable
8 except by a discriminatory motive, nor does the sequence of events support her claim.
9 She fails to plead sufficient factual content that would allow the Court to draw the
10 reasonable inference that Ms. Martinelli is liable for the misconduct alleged. *See*
11 *Iqbal*, 556 U.S. at 678.

Therefore, the Court grants the motion to dismiss any claims based on gender discrimination. However, as discussed above, since Ms. Pierson may be able to bolster her claim of gender discrimination with additional allegations, the Court grants her leave to amend the Complaint.

### C. Rule 12(e)

Under the Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Pro. 12(e). "Due to the liberal pleading standards in the federal courts embodied in Federal Rule of Civil Procedure 8(e) and the availability of extensive discovery, the availability of a motion for a more definite statement has been substantially restricted." *Famolare Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981). "A motion for a more definite statement should not be granted unless the defendant cannot frame a responsive pleading." *Id.*

With respect to Ms. Pierson's claim that she was discriminated against based on her Lupus, Ms. Pierson has alleged sufficient facts such that Defendants can frame a responsive pleading. Therefore, Defendants' motion for a more definite statement

1  is **DENIED**.

2  **II.   CONCLUSION**

3      The Court **GRANTS** Defendants' Motion to Dismiss Ms. Bolic for lack of standing without prejudice. Mr. Bolic is dismissed from the case. The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss with respect to Ms. Pierson's claims. To the extent Ms. Pierson alleges violations based on sex discrimination, the Motion is **GRANTED** without prejudice. To the extent Ms. Pierson alleges violations based on disability discrimination, the Motion is **DENIED**. Defendants' Motion for a more definite statement is **DENIED**. If Plaintiffs choose to file an amended complaint, they must do so on or before May 22, 2020. If no amended complaint is filed by this date, Defendants are ordered to file an Answer to the remaining causes of action in the complaint on or before May 29, 2020.

    **IT IS SO ORDERED.**

**DATED: April 29, 2020**

Hon. Cynthia Bashant
United States District Judge